## NATHANIEL PAINE, Judge &c., *versus* SOLOMON PARSONS.

A father executed his will, whereby he bequeathed to his daughter the sum of $268, to be paid to her *at her marriage*, in money or such articles of personal estate, at cash price, as she might choose. Upon the subsequent marriage of the daughter, the father furnished to her certain articles and money, to the amount of $147·49, and on the day of the marriage entered a charge thereof in a book of accounts; he after wards paid her $50, and took a receipt therefor from her husband, as for part of her portion, and also paid an order for $20·60, drawn upon him by the husband, which order was found pinned to the leaf in the book upon which the account was entered, together with the receipt. The father, several years subsequent to these payments, executed a codicil, in which he bequeathed to his daughter $100, "in addition to what he had before given her." Repeated declarations were made by the father, both before and after the execution of the codicil, that he had paid off a portion of what he had bequeathed to his daughter. It was *held*, that the republication of the will by the execution of the codicil, did not rebut the presumption, that the advances and payments made by the father were intended as an ademption *pro tanto* of the legacy given in the will; and that the charge in the book, the receipt, and the order, were legal and sufficient evidence of such payments.

DEBT on a probate bond given by the defendant as executor of the will of Solomon Parsons, deceased.

The parties stated a case.

On October 3, 1818, the testator made his will, which contained the following clauses : " I give to my daughter, Sally Parsons, her support in sickness and health, in every thing necessary for her, except her clothing, so long as she shall live single and receive the same at my house, to be furnished and paid out of the profits and income of my estate. I do also devise to her the use, for the same term, of my north room, in the dwelling-house, if she wishes to occupy it. I also give to my said daughter Sally, $268, to be paid to her *at her marriage*, in money or such articles of personal estate, at cash

price, as she may choose, at the choice of my son hereafter named. I also give her one of my beds, bedsteads and suitable bed-clothing for the same." On April 10, 1822, the testator's daughter Sally was married to Benjamin N. Childs. On June 29, 1830, the testator made a codicil to his will, which contained the following bequests; " I further give to my daughter Sally, (now Sally Childs), $ 100, within one year after my death, and to my daughter Elizabeth, (now Elizabeth Bryant), $ 100, in two years after my death, to them and their heirs, in addition to what I have before given them, to be paid by my executor." The will and codicil were duly proved on June 7, 1831.

This action was brought for the benefit of Benjamin N. Childs, to recover the legacies given to his wife in the will and codicil.

It appeared that until their marriage, she had resided and labored in the family of the testator ; that about the time of the marriage, the testator furnished to her certain articles and money, to the amount of $ 147·49, and on the day of the marriage entered a charge thereof in a book of accounts, under the title of " Inventory of articles Sally Parsons has had of my estate ;" that he paid her $ 50, and took a receipt therefor from B. N. Childs, dated November 29, 1823, as for part of her portion ; that he also paid an order for $ 20·60 drawn upon him by Childs, dated December 25, 1823, which order was found pinned to the leaf in the book, upon which the account was entered, together with the receipt.

It also appeared that the testator declared, that the order wes paid in part of the legacy given to his daughter Sally ; that before the codicil was made, he had frequently declared, that he had nearly paid off the legacies given by his will, to his daughters, and had stated, in some instances, the manner in which he had done it ; and that after the making of the codicil, repeated declarations were made by him, which he called on witnesses to remember, that he had paid all that he had bequeathed to his daughter Sally, except the sum of $ 150 ; but it did not appear, that these declarations were made in the presence of Childs or his wife.

It further appeared that the defendant had paid $ 150 to Childs on April 22, 1831.

Paine
*v.*
Parsons.

If these facts were admissible in evidence, and constituted a defence to the action, the plaintiff was to be nonsuited; if otherwise, the defendant was to be defaulted, and the damages to be assessed by the Court.

*Oct. 4th.* *Newton* and *Lincoln* for the plaintiff. The payments and advances made by the testator to his daughter and her husband, after the execution of the will, were not to be deemed an ademption *pro tanto*, of the legacies given to her in the will. The codicil operated as a republication, and rebutted any presumption that they were intended by the testator, as an ademption. *Robinson v. Whitley,* 9 Ves. 577 ; *Holmes v. Holmes,* 1 Bro. C. C. 555 ; Matthews on Presumptive Evid. 140 ; *Bird v. Hooper,* Prec. in Chan. 298 ; *Bulkeley v. Noble,* 2 Pick. 340. As to the order, there is no evidence that it was regarded as a part payment of the legacy in the will ; if it had been so considered by the testator, he would have entered a charge of it in the book of accounts.

*Davis* and *Washburn,* for the defendant, as to the question of ademption, cited *Husbands v. Husbands,* 1 Vernon, 95 ; *Jenkins v. Powell,* 2 Vernon, 115, and note ; *Cookson v. Ellison,* 2 Cox Eq. Cas. 220 ; *S. C.* 2 Bro. C. C. 307 ; *Dwyer v. Lysaght,* 2 Ball & Beatty, 156 ; Toller on Executors, 329 ; 2 Madd. Ch. Pract. 78 ; *Hall v. Davis,* 3 Pick. 450 ; Hammond's Eq. Dig. 752.

*Oct. 5th.* SHAW C. J. delivered the opinion of the Court. In debt on a probate bond, the general question is, whether certain advances and payments, made by the testator in his lifetime to his daughter and to her husband, after her marriage, are to be considered as an ademption and satisfaction *pro tanto* of legacies given to her by his will. The general rule seems well settled, that an advancement of money or goods to a child, especially on marriage, is presumed to be an ademption of a legacy, for like money or goods specified in a will previously made by the father, on a presumption that it was so intended. The general rule is not much contested in the present case ; but it is insisted that such a presumption is rebutted by the fact, that the testator, after the marriage of his daughter, and after the delivery of the money and goods, made a codicil operating by way of republication of his will, by which he gave

the same daughter $100, in addition to what he haa before given her. But the Court are of opinion, that the republication of the will by the codicil, did not rebut the presumption of ademption and satisfaction of the legacy given by the will, or change the general rule. There is nothing in the fact itself, or in the circumstances of the case, to indicate such an intent on the part of the testator. The effect of the codicil, in giv-'ng her $100 in addition &c., was to indicate an intent that on the whole she should have out of his estate, by testamentary provision, $100, in addition to what he had before contemplated, and that he did not mean to disturb or affect what had been then already done.·

The charge on the testator's book is legal proof of the pay ment and advance ; and the gift by the will being of $268, in goods and furniture, payable to her upon her marriage, and the actual advance being of money, and goods and furniture, at the time of her marriage, the gift so far connects itself with the legacy, in these particulars, as to strengthen the conclusion, that the gift was by way of portion and in anticipation of the legacy, and, of course, amounts to ademption and satisfaction *pro tanto*.

The charge in the book was in conformity with the provisions of the statute of descents and distributions, directing what shall be evidence of an advancement, in case of an intestate ; *St.* 1805, *c.* 90, § 3 ; and being in a case strictly analogous, and within the principle, if not within the terms of the statute, is to be considered legal evidence.

As to the receipt there is no question ; but as to the small order found pinned to the leaf of the book, in which the charges were made, there is certainly more doubt. Considering however the length of time the order had remained uncalled for, the place where it had been fixed by the testator, among other vouchers preserved as evidence of advancement, we think t was evidence of the intent of the testator to treat it as an aavancement, and therefore that it operates as payment and ademption *pro tanto*.

If no other breach of the bond is established, the defendant will be ntitled to judgment